### In re McGILLIS.
### No. 164.

Circuit Court of Appeals, Tenth Circuit.
April 4, 1930.

J. J. Whitaker, of Salt Lake City, Utah, for appellant.

Allan S. Tingey, of Salt Lake City, Utah, for appellee Decker Jewelry Co.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The trial court denied a discharge to Abe McGillis, who filed a voluntary petition in bankruptcy on December 26, 1928.

On the 3d day of January, 1928, the bankrupt, as an individual, made a property statement to the Decker Jewelry Company. The property statement purports to be a statement of "McGillis Jewelry Company * * * Abe McGillis, Sole Proprietor." It is headed an "Individual or Partnership Statement." It recites that, for the purpose of obtaining credit from time to time, "I herewith submit the following as being a fair and accurate statement of my financial condition on December 31, 1927." It is signed "Abe McGillis."

The proof showed that, on the date of the statement, the assets listed in the statement were the property of the McGillis Jewelry Company, a corporation, and that Mrs. Abe McGillis was the owner of the majority of stock thereof; that, save for an item of $200 owing to the brother of the bankrupt, the financial statement was a correct statement of the corporation; that on April 2, 1928, the charter of the corporation was canceled and from that date on, the bankrupt transacted the business as an individual. There was evidence that the Decker Jewelry Company extended credit in reliance upon the written statement.

On these facts, the trial judge denied the discharge.

Section 14 of the Bankruptcy Act, as amended by the Act of May 27, 1926, provides that a discharge shall be denied if the bankrupt has "obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition." Title 11, § 32, U. S. Code (11 USCA § 32). The appellant argues that the statement is not false, because it was a correct financial statement of the corporation. But the bankrupt stated that he owned the assets. He owned none of them. The statement was therefore false.

The trial court's finding was correct, and is affirmed.